WESTON v. VERNACI

(June 24, 1929. Opinion and Decree.)

Joseph Rosenberg, of New Orleans, attorney for plaintiff, appellant.

John B. Fisher, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff, a tenant of defendant, sustained serious injuries as a result of a fall from the stairs of the leased premises, and, contending that her fall was caused by a broken tread of the stairs about eight feet above the floor, brings suit against the landlord.

The defendant maintains that the stairway was in good condition at the time of the accident, and that it has never been repaired, and has been constantly in use by all persons occupying the upper floor of the premises.

In her explanation of the cause of her fall, plaintiff, a colored woman, married but living apart from her husband, and maintaining what seems to be a boarding house for colored men, made two apparently contradictory statements. She first said: "I gets to the turn of the winding part of the stairs, and it broke in two." Later she said: "When I came to the winding part, my foot get between the spoke of the bannister and I was thrown clean to the bottom of the steps."

Some four or five witnesses, produced by plaintiff, said that the tread of one of the steps was from one and one-half to two inches higher than it should have been, though in this they are contradicted by the defense witnesses, but none claim that the step broke, and it is apparent that plaintiff's first statement in this regard is erroneous.

The trial judge made a visit to the scene, and inspected the stairway, and in his reasons for judgment says:

"The preponderance of evidence is that the step is now in the same condition as when the accident occurred. This morning I examined the stairs in the presence of the parties and their attorneys, and my conclusion is that plaintiff's witnesses are mistaken. The step is not split, except for a short distance, say an inch or two at one end, and that does not affect the solidity or firmness of the step. It does not give or move appreciably under the weight of one descending the stairs. The stairs are narrow, and at a point from which the plaintiff fell, there is a turn. The step at the inner side of the turn is, say, two inches wide, and even in daylight the stairs are dark. I think the fact is that the plaintiff stumbled in descending the step, and that was not caused or contributed to in any way by the condition of the step."

The record leaves us convinced that this finding of the trial court was correct, and it is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.