WILLIAMS v. MESSINA

(December 16, 1929. Opinion and Decree.)

Johnston Armstrong, of New Orleans, attorney for plaintiff, appellee.

Maurice R. Woulfe, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff, while a tenant of defendant, was injured by falling from a gallery attached to the rear of the premises she occupied. She alleges that her fall was due to the defective condition of the railing or banister, which broke when she placed her hand on it precipitating her to the ground.

Defendant admits that plaintiff fell from the gallery and was injured, but contends that he is not responsible for the damages, for the reason that the banister in question gave way when used as an anchorage for a clothes pole on which had been stretched a clothes line laden with heavy wet clothes, and, that while in the act of tying the clothes line to the banister, the banister gave way under the unusual strain at a time when the plaintiff was leaning over it with her weight against it.

Defendant relies on the authority of Parker vs. Kreber, 153 La. 197, 95 So. 601, 602, and Weston vs. Vernaci, 11 La. App. 186, 123 So. 166.

In the first-cited case the plaintiff leaned against the balustrade, which gave way and caused her to fall, but she knew that "the railing was in a dilapidated and defective condition" and that a carpenter was present at the time for the purpose of repairing it. In the other case it was held that the plaintiff was injured by stumbling when walking down the stairway and not by reason of the defective condition of the stairway, and her recovery was denied on that ground.

In the instant case, the question of the cause of plaintiff's injury is the subject of contradictory testimony, which the trial judge resolved in favor of plaintiff, very largely because of the fact that the defective railing was shown by the evidence to have been in the possession of defendant and was not produced by him. His reasons for judgment are very brief and as follows:

"The evidence is contradictory, but I believe more in the credibility of plaintiff's witnesses than of those of defendant. It appears too that defendant had possession of the rotten rail; but failed to produce it to prove its condition when he could have done so."

From our examination of the record, we are unable to say that, in reaching his conclusion upon this controverted question of fact, the trial judge was manifestly in error.

As to the quantum, the plaintiff is a negro washerwoman, and she doubtless suffered a loss of income, the amount of which appears uncertain from the record. She suffered very little from her injuries, which were very slight. The judge a quo fixed her damages at the sum of $250, and we are not disposed to disturb that award.

For the reasons assigned, the judgment appealed from is affirmed.